# ATTORNEY
# SAMUEL G. AMENDOLARA

## Amendolara Law Firm, LLC

South Bridge West Executive Park　　　　　　　　　　　　　　Telephone: (330) 423-0409 Ext. 2
755 Boardman-Canfield Rd., Ste. M-1　　　　　　　　　　　　Facsimile: (330) 423-0411
Youngstown, Ohio 44512-4238

November 30, 2020

Asst. U.S. Attorney James P. Lewis
Office of the U.S. Attorney - Cleveland
Northern District of Ohio
Ste. 400
801 Superior Avenue, West
Cleveland, Ohio 44116


**RE:　USA v. JESSICA CLAY**
　　　**CASE NO. : 1:20-CR-00785-2**

　　　Dear Assistant United States Attorney Lewis:

　　　Pursuant to Rule 16, Federal Rules of Criminal Procedure, and other authority cited herein, I request disclosure of the following information, documents, and other materials, regardless of their format (printed, electronically stored, digitalized, recorded, etc.), relative to the above case. This request includes but is not limited to:

**A.　Defendant's Statements -- Rule 16(a)(1)(A)**

　1) Any written or recorded statement made by the Defendant within the possession, custody or control of the Government, to include such statements presently within the possession or control of government, law enforcement officers or informants, the existence of which may become known to you through the existence of due diligence.

　2) That portion of any written record containing the substance of any oral statement made by the Defendant (including police or agent notes) in response to interrogation by a person then known to the Defendant to be a Government agent or to a known law enforcement officer. This request seeks

1

relevant oral statements regardless of whether the Government intends to use them in evidence.

3) I also request that you determine whether Defendant has made an oral statement to any law enforcement officer or agent which the Government intends to use at trial but which has not been reduced to writing. If such a statement is found to exist, it is requested that you cause it to be reduced to writing and produced.

**B.** **Oral Statements of Co-Defendants**

Any and all statements made by Co-Defendants, material to resolving any issues of severance under <u>Burton v. United States</u>, 391 U.S. 123 (1968); <u>Cruz v. New York</u>, 481 U.S., 186 (1987); <u>Richardson v. March</u>, 481 U.S. 200 (1987).

**C.** **Defendant's Prior Criminal Record -- Rule 16(a)(1)(B)**

Defendant requests a copy of his/her prior criminal record, including all matters known or reasonably discoverable by the Government that may affect the criminal history score under the U.S.S.G., Chapter 4, or under any statutory enhancement or *Apprendi v. New Jersey*, 120 S.Ct. 2348 (2000) enhancement.

"EXHIBIT A"

**D.** *Blakely* **Material**

Defendant requests notice of any facts that may affect Guideline enhancements as described in *Blakely v. Washington,* 124 S.Ct. 2531 (2004) and *United States v. Booker*, 125 S.Ct. 738 (2005).

**E.** **Documents and Tangible Objects -- Rule 16(a)(1)(C)**

I request that you produce the following documents (copies) and tangible objects:

1) those which the Government intends to use as evidence in chief at trial;

2) those which were obtained from or belong to the Defendant together with a description of where each item was found or obtained from);

3) and those that are material to the preparation of the defense, including but not limited to: documents and tangible objects relevant to any "other offense" evidence that the Government intends to introduce at especially under Fed Evid. R. 404(b). I would consider all documents and objects

which have been obtained or confiscated by the government from outside sources during its investigation(s) of this case to be material to the preparation of the defense and therefore producible; and request notice of any government decision to refrain from producing any such materials, so that a judicial decision as to production may, if warranted, be sought.

This request for tangible or documentary evidence includes but is not limited to copies of any handwriting exemplars allegedly submitted by Defendant.

### F.     Reports of Examinations and Tests — Fed. Crim. Rule 16(a)(1)(D)

The Defendant requests production of copies of all results and reports of physical or mental examinations and of scientific tests or experiments which are in the Government's possession, custody, or control, or the existence of which may become known to the Government through the exercise of due diligence, which have been obtained or ordered (upon receipt by the Government) relative to this case, in that they would be material to the preparation of the defense or are intended for use by the Government as evidence in chief at trial. For example, by way of illustration and not limitation, please provide me with copies of all results and reports of tests such as:

1) Fingerprint;

2) Handwriting;

3) Ballistics;

4) Gunshot Residue;

5) Drug or alcohol analyses; or

6) Any mental health – i.e. psychological, psychiatric, etc. --  examinations of the Defendant or any Government witnesses.

Further, please advise me of any decision to refrain from producing any such materials so that I may request Court relief, if necessary.

### G.     Summaries of Expert Testimony -- Rule 16(a)(1)(E)

This is to request that you prepare and provide me with a summary of any expert testimony which the Government intends to offer in evidence under Fed. Evid. Rs. 702, 703, or 705 in its case-in-chief, including fingerprint or handwriting "experts", and a description of the witnesses' qualifications.

### H.     Exculpatory Evidence

All evidence which is known to the government, or through the exercise of

due diligence punishment. Fed. R. Crim. P. 16 (a) 1 (C).

**I.** **Search and/or Arrest Warrants and/or Title III Applications and Warrant/Application Affidavits/Inventories**

Copies of any and all search and/or arrest warrants, together with the warrant affidavits(s) relied upon during the course of the investigations; and, any inventories prepares. Fed. R. Crim. P. 16 (a) (1)(C).

**J.** **Evidence of Bias or Motive to Lie**

The defendant requests any evidence that any prospective government, witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. Pennsylvania v. Ritchie, 480 U.S. 39 (1987); United States v. Strifler, 851 F. 2d 1197 (9th Cir. 1988).

**K.** **Evidence of Criminal Investigation or any Government Witness**

The Defendant requests any evidence that any prospective witness is under investigation by federal state, or local authorities for any criminal conduct. United States v. Chitty, 760 F.2d 425 (2nd Cir.), cert. Denied, 474 U.S. 945, (1985).

**L.** **Evidence Affecting Perception, Recollection, Ability to Communicate Truth Telling**

The Defendant requests the name of any witness who made an arguably favorable statement concerning the Defendant. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F. 2d 213, 224 (4th Cir. 1; 1980) Jones v. Jago, 575 F.2d 1164, 1168 (6th Cir.), cert. denied, 439 U.S. 883 (1978(l Hudson v. Blackburn, 601 F. 2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980).

**M.** **Rule 12(d)(2) Notice**

Defendant requests notice of the Government's intention to use any evidence to which he/she may be entitled under Fed. Crim. R. 16 in its case in chief at trial.

**N.** **Rule 26.2 Materials**

The Defendant requests pretrial production of all *Jencks* Act materials pursuant to Fed. Crim. R. 26.2. If the Government complies with such pretrial production, the Defendant is willing to reciprocate in kind.

**O.      Other Offense Evidence -- Rule 404(b)**

Defendant requests notice of the nature of any "other offense" evidence which the Government intends to use at trial in its case-in-chief or in rebuttal, together with any documents or tangible objects which the Government intends to introduce in evidence in connection with such other offense evidence; any documents material to the preparation of the defense in opposition to said other offense evidence; and, any written or oral statement made by the Defendant relevant to said other offense evidence, as such statements are defined in Rule 16(a)(1)(A). See Fed. Evid. R. 404(b), Fed. Crim. R. 16(a)(1)(C).

**P.      *Giglio* Material**

Pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny, the Defendant requests that the Government produce all information known or reasonably discoverable by the Government which might bear unfavorably upon the credibility of any witness expected to be called to testify by the Government at trial. Such information should include, but not be limited to:

1) the witness' prior criminal record to include pending cases;
2) any known instance of the witness having made a false statement to a law enforcement officer or while under oath;
3) any direct or implied promises of benefit or leniency in whatever form, known to have been made with respect to this or any other cases;
4) all information related to the length and extent of the witness' addiction to narcotic drugs or alcohol, if any;
5) all information related to the witness' mental competency, including any psychiatric test results, which would be reasonably discoverable by the Government;
6) the name and address of any person(s) known to the Government to whom the witness has made statements concerning the subjects of the criminal indictment, which statements were inconsistent with statements made by the witness to law enforcement officers; and
7) all information contained in the witness' personnel file or other similar location that may reflect any type of disciplinary or related action taken against the witness.

**Q.** *Brady* **Material**

Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and *Kyles v. Whitley*, 115 S. Ct. 1555 (1995), I request that you provide me with any exculpatory material that exists or is reasonably discoverable by the Government relating to guilt and/or punishment. If you have any question whether certain information constitutes *Brady* material, it is requested that such information be presented to the Court for an *in camera* determination as to whether it should be produced and that I be provided notice that an *in camera* presentation is being made.

Please advise all investigating officers in this case that they should not initiate any contact with the Defendant, and that any such communication be made through me.

All Government agents should also be instructed to preserve all of their rough notes, any audio or video tape, e-mail messages, and any other similar documents in printed, electronic, or digital formats, and any other printed, recorded, electronically stored, or digitalized materials or information related in any manner to this case.

Further, please send the discovery requested above to me as soon as possible, and/or notify me if other mutually agreeable arrangements are to be made. With respect to the inspection of physical evidence, please let me know when such evidence is available, so that I may make arrangements to inspect it. This discovery request is a continuing request. See Fed. Crim. R. 16(c). Accordingly, please notify me immediately as additional responsive material becomes available.

If you have any questions regarding any aspect of this request, please do not hesitate to contact me. Thank you in advance for your attention and cooperation.

Sincerely,

/s/ Samuel G. Amendolara
SAMUEL G. AMENDOLARA
Attorney at Law

SGA/fs