UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:20-cr-00785 |
| | ) | |
| Plaintiff, | ) | SENIOR JUDGE |
| | ) | CHRISTOPHER A. BOYKO |
| vs. | ) | |
| | ) | |
| JESSICA CLAY AND MARY TERSA | ) | |
| PHILLIPS, | ) | ORDER |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, SR. JUDGE:**

In accordance with the Speedy Trial Act, specifically 18 U.S.C. § 3161(h)(7)(A), the Court finds that the ends of justice are served by continuing Defendant's trial, as there is good cause for a finding of excludable time. This finding is predicated upon the following:

1.      The public-health concerns related to the spread of coronavirus (COVID-19) pandemic beginning in the Spring of 2020. As a result, various public officials and entities declared states of emergency throughout the country. This led to various restrictions on travel, employment and public gatherings.

2.      This District issued its own General Orders in response to the public-health emergency declared throughout the State of Ohio in response to the COVID-19 pandemic. Beginning on March 16, 2020 with General Order 2020-05, this District sought ways to address the pandemic. Included in General Order 2020-05 was the directive that all "criminal trials will not proceed unless absolutely necessary" through May 1, 2020.

3. Since that time, this District has amended this General Order fourteen times[1] in response to the everchanging nature of the COVID-19 pandemic. At times, the District restricted all criminal trials. (*See* Amended General Order 2020-05-1, stating that "no jury trial will be commenced before May 1, 2020"). At other times, the District put certain limitations on criminal trials. (*See* Amended General Order 2020-08-6, restricting the commencement of criminal trials to those where i) the parties consent to starting the trial; ii) limited the numbers of trials at each courthouse; and iii) limited the amount of days of jury trials to five). And just when the District removed all limitations on criminal trials (*see* Amended General Order 2020-08-9, removing restrictions on criminal jury trials), the state of the pandemic changed again, requiring the reimposition of certain restrictions. (*See* Amended General Order 2020-08-10, suspending criminal jury trials through February 11, 2022). Throughout most of these General Orders, the District found that "[t]he time period of the continuances implemented by this General Order will be excluded under the Speedy Trial Act, as the Court specifically finds that the ends of justice served by ordering the continuances outweigh the interest of the public and any defendant's rights to a speedy trial pursuant to 18 U.S.C. Section 3161(h)(7)(A)." *Id.*

4. Recently however, after almost two years since the beginning of the COVID-19 pandemic, the District lifted restrictions on jury trials, allowing them to recommence beginning February 14, 2022. (*See* Amended General Order 2020-08-11).

5. The delays and restrictions caused by the COVID-19 pandemic have led to a backlog of criminal cases before this Court. While the Court understands that, generally,

---

[1] *See* (i) Amended General Order ("AGO") 2020-05-1, dated March 23, 2020; (ii) AGO 2020-05-2, dated April 20, 2020; (iii) AGO 2020-08, issued May 22, 2020; (iv) AGO 2020-08-1, issued July 28, 2020; (v) AGO 2020-08-2, dated August 25, 2020; (vi) AGO 2020-08-3, dated October 5, 2020; (vii) AGO 2020-08-04, dated December 7, 2020; (viii) AGO 2020-08-05, dated January 13, 2021; (ix) AGO 2020-08-06, dated March 1, 2021; (x) AGO 2020-08-07, dated April 5, 2021; (xi) AGO 2020-08-08, dated June 7, 2021; (xii) AGO 2020-08-09, dated August 24, 2021; (xiii) AGO 2020-08-10, dated January 6, 2022; and (xiv) AGO 2020-08-11, dated February 8, 2022.

continuances should not be granted "because of general congestions of the court's calendar," 18 U.S.C. § 3161(h)(7)(C), the COVID-19 presented atypical administrative and scheduling challenges as reflected by the various General Orders outlined above.

6.      The Court therefore finds it necessary to give trial preference to criminal cases that are i) the oldest and ii) where the defendant is subject to pretrial detainment.

7.      Failing to continue this matter and exclude this time would likely make a continuance of the proceeding impossible or result in a miscarriage of justice.  It would also be unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.  Thus, not continuing this case would likely deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

8.      Accordingly, the Court finds that the above facts support a continuance of the trial date in this matter and good cause for a finding of excludable time under the Speedy Trial Act.

**THEREFORE, THE COURT ORDERS:**

1.      That the period between and including current trial date of August 1, 2022 and the new trial date is excluded under 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) for all Speedy Trial Act purposes.

**Final Pretrial Conference set for 10/13/2022 at 10:00 AM in Courtroom 9A. Jury Trial set for 10/17/2022 at 09:00 AM in Courtroom 9A. (on standby)**. The parties shall advise the Court if they reach an agreement, at which point the trial and related dates will be vacated.

2.      Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.  Moreover, the same provisions and/or other provisions of the Speedy Trial Act

may in the future authorize the exclusion of additional time periods from the period within which

a trial must commence, including, but not limited to, any time resulting from this Court

determining that it must extend the period of time in response to future General Orders

addressing the Court's operations during the COVID-19 pandemic.

**IT IS SO ORDERED.**

s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**

**Dated: July 21, 2022**